PER CURIAM:
This claim was filed by Reynolds Memorial Hospital to recover costs expended in rendering medical services to Vester McCoy, an inmate of the West Virginia State Penitentiary at Moundsville, West Virginia. Mr. McCoy was admitted to Reynolds Memorial on February 19, 1981, where he remained until his death on June 21, 1981. Total hospital charges for this period were $58,950.70. The respondent has paid $5,628.75, which is the amount of expenses incurred between February 19 and March 10, 1981, leaving a balance of $53,321.95. The respondent denies liability for expenses incurred after March 10, 1981. On that date, the Governor of the State of West Virginia, in accordance with W.Va. Code §5-1-16, granted a Medical Respite to Vester McCoy. The State would not bear any responsibility for Mr. McCoy’s medical bills.
The Medical Respite was an agreement entered into between the Governor of West Virginia and the inmate, and its purpose was to allow the inmate to die with dignity. Mary McCoy, wife of Vester McCoy, initiated the request for the Respite. At the time the Respite was issued, Vester McCoy v/as in a coma, and the agreement was signed by Mrs. McCoy for her husband.
In accordance with W.Va. Code §2-2-10 (m), persons “under disability” is defined to include convicts while confined in the penitentiary. W.Va. Code §28-5-33 provides for the appointment of a committee for a convict confined to a penitentiary for one year or more. Mr. McCoy’s sentence was for a term of life with mercy. W.Va. Code §28-5-36 provides that the committee main *274 tain all actions for the convict. “No action or suit shall be instituted by or against such convict after he is incarcerated, and all actions or suits to which he is a party at the time of his incarceration shall abate, and continue so until revived by or against the committee, whose duty it shall be to prosecute or defend, as the case may be.” The record does not establish that Mrs. McCoy was committee for her husband. Therefore, no contract was entered into which would obligate the McCoy family to bear Vester McCoy’s medical expenses. A contractual relationship had been established between the hospital and respondent in which respondent agreed to pay Vester McCoy’s medical bills. This contract continued throughout his hospitalization. It is the opinion of the Court that the claimant is entitled to recover the medical expenses incurred by Vester McCoy; therefore, the Court makes an award to the claimant in the amount of $53,321.95.
Award of $53,321.95.